[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 24, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-12818
Non-Argument Calendar

_____

D. C. Docket No. 05-00113-CR-FTM-33-SPC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORDAN PETERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 24, 2007)**

Before BARKETT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Jordan Peterson appeals his 87-month sentence for possession of materials

involving and depicting minors engaged in sexually explicit conduct, in violation

of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2). Peterson argues on appeal that his sentence is procedurally unreasonable because (1) the district court imposed a predetermined, rigid sentencing policy, (2) considered the 18 U.S.C. § 3553(a) factors only to determine where within the guidelines range to sentence him, and (3) relied on statements from his ex-wife that had not been proven by a preponderance of the evidence. Peterson also argues that his sentence is substantively unreasonable.

We review a preserved Booker claim on appeal de novo and reverse only for harmful error. United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005). In Booker the Supreme Court (1) held that pursuant to the mandatory Sentencing Guidelines, the Sixth Amendment was violated when a sentence was enhanced based solely on judicial fact-finding; and (2) rendered the Sentencing Guidelines advisory only. United States v. Booker, 543 U.S. 220, 233-35, 259-60, 125 S.Ct. 738, 749-51, 764, 160 L.Ed.2d 621 (2005). Although now advisory, the guideline range is still an important factor that the sentencing court must consider, along with the other § 3553(a) factors. Id. at 258-60, 125 S.Ct. at 764-65.

We have recognized two types of Booker errors: (1) a Sixth Amendment, constitutional error of enhancing a defendant's sentence using judge-found facts under a mandatory guideline system; and (2) a statutory error of applying the now

2

advisory guidelines as mandatory.  United States v. Shelton, 400 F.3d 1325, 1330-31 (11th Cir. 2005).  The use of extra-verdict enhancements in an advisory guidelines scheme, however, is not unconstitutional.  United States v. Rodriguez, 398 F.3d 1291, 1300 (11th Cir. 2005).  A district court may determine enhancements based on a preponderance of the evidence standard as long as the guidelines are applied in an advisory fashion.  United States v. Chau, 426 F.3d 1318, 1323-24 (11th Cir. 2005).

The district court is obligated "to calculate correctly the sentencing range prescribed by the Guidelines."  United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005).  "After it has made this calculation, the district court may impose a more severe or more lenient sentence as long as the sentence is reasonable."  Id. at 1179.  "[A] district court's determination that the Guidelines range fashions a reasonable sentence [ ] necessarily must be a case-by-case determination."  Hunt v. United States, 459 F.3d 1180, 1184-85 (11th Cir. 2006).  So long as the § 3553(a) factors are considered, a district court may determine, in each particular case, the appropriate weight to give the Guidelines.  Id. at 1185.

Here, the district court explicitly noted that it was fully aware of the advisory nature of the Guidelines and recognized its ability to depart upward or downward.  Although the subject of Peterson's sexual relationship with his ex-wife

3

and her sister was discussed at the sentencing hearing, the court explicitly stated that its reason for the sentence was because there were 17,500 images and the depictions in the images were so obviously painful to the children. Further, the court imposed a sentence that was in the middle of the Guidelines range.

In addition, the district court determined that the Guidelines range was appropriate in this case. The court made some statements that could be interpreted as presumptions in favor of the Guidelines. Ultimately, however, the court's decision to defer to the Guidelines was case-specific after properly consulting the § 3553(a) factors. Therefore, because the court's decision to defer to the Guidelines was case-specific and based on consideration of the § 3553(a) factors, Peterson's sentence was procedurally reasonable.

The second issue on appeal is whether Peterson's sentence was substantively reasonable. Pursuant to the Supreme Court's instructions in Booker, the final sentence, in its entirety is reviewed for reasonableness, in light of the § 3553(a) factors. United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in light of both [the] record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). Some of the § 3553(a) factors include the nature and circumstances of the offense, the

4

history and characteristics of the defendant, the need for adequate deterrence and protection of the public, the pertinent Sentencing Commission policy statements, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a). The reasonableness review is "deferential" and focuses on whether the sentence imposed achieves the purposes of sentencing as stated in § 3553(a). Talley, 431 F.3d at 788.

"[N]othing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). Moreover, a sentence within the guidelines range is not per se reasonable, although "there is a range of reasonable sentences from which the district court may choose, and when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." Talley, 431 F.3d at 787-88. Also, as to the weight to give the Guidelines relative to the other § 3553(a) factors, we have stated that we do "not believe that any across-the-board prescription regarding the appropriate deference to give the Guidelines is in order," however, we have also stated that there are many reasons a district court may choose to follow the Guidelines in a particular case. Hunt, 459 F.3d at 1184.

In this case, Peterson has not met his burden of establishing that the sentence imposed was substantively unreasonable. The court explicitly referenced the § 3553(a) factors. The court considered the nature and circumstances of the offense and the history and characteristics of Peterson, noting that it had considered the support and testimony of his friends and colleagues, his age, and his employment history, which appear to be Peterson's strongest positive factors. After considering the evidence of Peterson's history and characteristics, the court imposed a mid-range sentence. Of particular importance to the court, however, was the need to protect the children victims, which it discussed at length. The court considered permissible factors, the sentence imposed is within the Guidelines range, it does not exceed the 10-year statutory maximum, and it achieves the purposes of sentencing stated in § 3553(a).

Upon careful review of the record and upon consideration of the parties' briefs, we find no reversible error. For the above reasons, we affirm.

**AFFIRMED.**